IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PATRICIA HELEN MCKINNEY,** :
**INDIVIDUALLY AND ON BEHALF OF**
**OTHERS SIMILARLY SITUATED** :
5047 13TH Street, N.E.
Washington, D.C. 20017 :

       Plaintiff                        Case: 1:08-cv-00333
                                     Assigned To : Urbina, Ricardo M.
   v.                              Assign. Date : 2/25/2008
                                     Description: Labor-ERISA

**UNITED STOR-ALL CENTERS, INC.**
1787 Sentry Parkway West
Building 16, Suite 400
Blue Bell, PA 19422 :

   and :

**UNITED STOR-ALL MANAGEMENT, LLC**
208 East Ridgeville Blvd.
Suite 202
Mt Airy, MD 21771 :

       Defendants :

## COMPLAINT

COMES NOW the Plaintiff, Patricia Helen McKinney, Individually and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through counsel, Mitchell I. Batt and Sullivan, Talbott & Batt, and brings this suit against United Stor-All Centers, Inc. and United Stor-All Management, LLC (hereinafter "Defendants"), and for grounds states as follows:

## PARTIES AND JURISDICTION

1. McKinney is a natural person who currently resides in the District of Columbia and, at all times relevant to the allegations of this Complaint, was employed by the Defendants as a Primary Manager/Resident Manager in the District of Columbia.

2. McKinney brings Count I of this suit on behalf of herself and others similarly situated who may opt-in to this Civil Action pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act for violations of unpaid overtime compensation. McKinney also brings Count II and Count III of this suit on behalf of herself for violations of D.C. Code 32-1001 *et seq.* and D.C. Code 32-1301 *et seq.*

3. The Defendant United Stor-All Center, Inc. is a corporation with its principal place of business in Pennsylvania. The Defendant, United Stor-All Management, LLC is a Defendant with its principal place of business in Mt. Airy, Maryland.

4. Pursuant to the preceding, this Court has proper personal jurisdiction over the Defendants, proper subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. 1331, and 28 U.S.C. 1367. In addition, this Court constitutes proper venue pursuant to 28 U.S.C. § 1391.

## COUNT I
### Collective Action Allegations

5. Plaintiff repeats and realleges each and every allegation made in paragraphs one through four as if fully set forth herein.

6. Plaintiff McKinney was employed as a Primary Manager/Resident Manager with the Defendants in the District of Columbia.

7. Based upon information and belief, the Defendants maintain approximately 12 storage facilities in Maryland, the District of Columbia, and Northern Virginia.

8. Based upon information and belief, the Defendants employ Storage Facility Managers at each of these locations who perform identical functions to those performed by the Plaintiff McKinney.

9. Plaintiff McKinney is bringing this suit on behalf of herself and other similarly situated employees, i.e., Primary Managers/Resident Managers employed by the Defendants at any of their locations in Maryland, the District of Columbia, and Northern Virginia who have been employed at any time since February 22, 2005 (hereinafter "similarly situated employees").

## GENERAL ALLEGATIONS

10. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through nine as if fully set forth herein.

11. Throughout her tenure of employment with the Defendants, the Plaintiff McKinney worked regularly in excess of forty (40) hours per week.

12. Based upon information and belief, the similarly situated employees worked, on a regular basis, in excess of forty (40) hours per week.

13. The Defendants were fully aware at all times that the Plaintiff and similarly

situated employees were working in excess of forty (40) hours per week.

14. The Plaintiff and similarly situated employees were not paid overtime for any work in excess of forty (40) hours per week.

### COUNT I
### Violations of the Fair Labor Standards Act - Overtime Provisions

15. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through fourteen as if fully set forth herein.

16. The Defendants violated 29 U.S.C. § 207 by failing to pay the Plaintiffs overtime.

17. The Plaintiffs qualify as "Employees" pursuant to 29 U.S.C. § 203(e)(1).

18. Each of the Defendants qualify as an "Employer" pursuant to 29 U.S.C. § 203(d) and as an "enterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. § 203(s).

19. The Defendants' failure to pay overtime to the Plaintiffs was done deliberately, wilfully, and in direct violation of the statutory requirements.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for unpaid overtime for the period of February 22, 2005 forward, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

## COUNT II
**Violations of D.C. Code 32-1001 *et seq.* - Unpaid Overtime**

20. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through nineteen as if fully set forth herein.

21. Defendants' failure to pay McKinney for overtime work constitutes a violation of D.C. Code 32-1001 *et seq.*

22. McKinney qualifies as an "Employee" pursuant to D.C. Code §32-1002(2).

23. Each of the Defendants qualify as an "Employer" pursuant to D.C. Code §32-1002(3).

24. McKinney was employed in the District of Columbia pursuant to D.C. Code §32-1003(b).

WHEREFORE, McKinney demands judgment against the Defendants for unpaid overtime for the period of February 22, 2005 forward, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

## COUNT III
**Violations of D.C. Code 32-1301 *et seq.* - Unpaid Earned Vacation**

25. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through twenty-four as if fully set forth herein.

26. At the time McKinney was terminated from employment, she had accrued

vacation pay which was not paid.

27. The vacation pay accrued by McKinney constitutes a "Wage" pursuant to D.C. Code 32-1301(3).

28. The Defendants' failure to pay the accrued vacation constitutes a violation of D.C. Code 32-1303.

29. Each of the Defendants qualify as an "Employer" pursuant to D.C. Code 32-1301(1).

30. McKinney qualifies as an "Employee" pursuant to D.C. Code §32-1301(2).

31. The Defendants' failure to pay the wages was done wilfully, deliberately, and in direct disregard of McKinney's statutory rights.

WHEREFORE, McKinney demands judgment against each of the Defendants for unpaid accrued vacation, liquidated damages in an amount equal to the unpaid accrued vacation, prejudgment interest, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By: _____
Mitchell I. Batt
Attorney for Plaintiffs
77 S. Washington Street
Suite 304
Rockville, Maryland 20850
(301) 340-2450

## JURY DEMAND

The Plaintiffs, through counsel, hereby requests a trial by jury as to all issues herein.

By: _____
Mitchell I. Batt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PATRICIA MCKINNEY, INDIVIDUALLY** :
**AND ON BEHALF OF OTHERS**
**SIMILARLY SITUATED**            :

                                  :
      Plaintiff
                                  :

  v.                              :      Case No. _____

                                  :
**UNITED STOR-ALL CENTERS, INC.**
1787 Sentry Parkway West          :
Building 16, Suite 400
Blue Bell, PA 19422               :

     and                         :

**UNITED STOR-ALL MANAGEMENT, LLC**
208 East Ridgeville Blvd.         :
Suite 202
Mt Airy, MD 21771                 :

      Defendants                :

## CONSENT TO PARTICIPATE IN THE 29 U.S.C. § 216(b) COLLECTIVE ACTION

I, Patricia McKinney, hereby consent to participate as a Plaintiff in the 29 U.S.C. § 216(b) collective action for unpaid minimum wages and overtime.

*/s/ Patricia McKinney*
Patricia McKinney

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Patricia McKinney, Individually and on Behalf of Others Similarly Situated   //00/

## DEFENDANTS
United Stor-All Centers, Inc., et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mitchell I. Batt, Esquire
Sullivan, Talbott & Batt
77 S. Washington Street, Suite 304
Rockville, MD 20850
301-340-2450 ext. 13

Case: 1:08-cv-00333
Assigned To : Urbina, Ricardo M.
Assign. Date : 2/25/2008
Description: Labor-ERISA

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

N/A

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊠ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☒ K. *Labor/ERISA (non-employment)*<br><br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. 216(b) - Fair Labor Standards Act - unpaid overtime

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 2/25/08    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.