UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

PATRICIA HELEN MCKINNEY           :
                                  :
              Plaintiff            :
                                  :       Civil No.: 1:08-CV-00333 (RMU)
       v.                         :
                                  :
UNITED STOR-ALL CENTERS, INC.,    :
et al.                            :
                                  :
              Defendants.         :

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants United Stor-All Centers, Inc., and United Stor-All Management, LLC, (collectively, "the defendants") by and through their counsel, hereby answer the Complaint filed by Plaintiff Patricia McKinney as follows.

### Parties and Jurisdiction

1. Subject to objection to the fact that the term "all times relevant to the allegations in the Complaint" is not defined, thereby rendering the paragraph unanswerable as phrased Defendants admit that the Plaintiff was employed by United Stor-All Management, LLC, but are without sufficient information to admit or deny the allegations regarding residence of the Plaintiff contained in paragraph 1 of the Complaint and Defendants put Plaintiff to strict proof thereon. To the extent that a response is required, the allegations are denied.

2. Paragraph 2 sets forth legal conclusions to which no response is required. To the extent that this Court requires a response, the allegations are denied.

3. Defendants admit that United Stor-All Centers, Inc., is a corporation with its principal place of business in Pennsylvania. Defendants admit that the United Stor-All Management, LLC is a Defendant with its principal place of business in Mt. Airy, Maryland.

302303.1

4. Paragraph 4 of the Complaint sets forth allegations regarding venue and jurisdiction, to which no response is required. To the extent a response is required, the defendants deny that 29 U.S.C. § 216(b) provides jurisdiction over this matter.

### Count I – Collective Action Allegations

5. In response to paragraph 5 Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-4 of the Complaint.

6. Defendants deny that the Plaintiff was employed by United Stor All Management, LLC, in the District of Columbia. Defendants admit that the Plaintiff was employed by United Stor-All Centers, Inc.

7. Defendants deny the allegations contained in Paragraph 7.

8. Subject to objection to the fact that the term "perform identical functions" is not defined, thereby rendering the paragraph unanswerable as phrased, the Defendants deny the allegations contained in Paragraph 8.

9. Paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants are without sufficient information to admit or deny the allegations therein and they are therefore denied in paragraph 9 of the Complaint.

### GENERAL ALLEGATIONS

10. In response to paragraph 10 Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-9 of the Complaint.

11. Defendants deny that the Plaintiff was employed by United Stor-All Management, LLC, in the District of Columbia but admit that the Plaintiff was employed by United Stor-All

2

302303.1

Centers, Inc. The defendants admit that the Plaintiff worked more than 40 hours per week at times during the course of her work.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14 to the extent that they suggest that the plaintiffs were not properly paid for any and all hours worked.

## COUNT I

### (Violations of the Fair Labor Standards Act – Overtime Provisions)

15. In response to paragraph 15 Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-14 of the Complaint.

16. Paragraph 16 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 16.

17. Paragraph 17 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 17. Specifically, the defendants aver that each plaintiff is subject to exemption under the Fair Labor Standards Act as a person employed in a bona fide executive, administrative or professional capacity and thereby not entitled to time-and-one-half overtime pay.

18. Paragraph 18 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny that the Plaintiff was employed by United Stor-All Management, LLC, but admit that the Plaintiff was employed by United Stor-All Centers, Inc.

19. Paragraph 19 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny any wrongdoing or

3

302303.1

impropriety on their part and specifically deny any "failure to pay overtime to the Plaintiffs" that was done "deliberately, willfully, and in direct violation of the statutory requirements." The defendants further deny that they are liable to the plaintiffs for any damages, including but not limited to overtime pay in the amounts described in paragraph 19 of the Complaint or otherwise, liquidated damages, attorney's fees and costs, and other relief

## COUNT II

### (Violations of D.C. Code 32-1001, et seq. – Unpaid Overtime)

20. In response to paragraph 20 Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-19 of the Complaint

21. Paragraph 21 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 21.

22. Paragraph 22 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that the allegations suggest any wrongdoing or impropriety on the part of the defendants, the defendants deny the allegations in paragraph 22 of the Complaint. Specifically, the defendants aver that each plaintiff is subject to exemption as a person employed in a bona fide executive, administrative or professional capacity and thereby not entitled to time-and-one-half overtime pay.

23. Paragraph 23 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny that the Plaintiff was employed by United Stor-All Management, LLC, but admit that the Plaintiff was employed by United Stor-All Centers, Inc

24. Defendants admit the allegations regarding where the Plaintiff worked in the first averment contained in Paragraph 24, but the defendants deny that they are liable to the plaintiffs

4

302303.1

for any damages, including but not limited to overtime pay described in paragraph 21 of the Complaint or otherwise, liquidated damages, attorney's fees and costs, and other relief.

## COUNT III

### (Violations of D.C. Code 32-1301, et seq. – Unpaid Earned Vacation)

25. In response to paragraph 25 Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-24 of the Complaint.

26. The defendants deny the allegations in paragraph 26 of the Complaint.

27. Paragraph 27 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 27.

28. Paragraph 28 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 28.

29. Paragraph 29 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny that the Plaintiff was employed by United Stor-All Management, LLC, but admit that the Plaintiff was employed by United Stor-All Centers, Inc.

30. Paragraph 30 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 30.

31. Paragraph 31 sets forth a legal conclusion to which no response is required. To the extent that a response is required, the defendants deny the allegations in paragraph 31. The defendants further deny that they are liable to the plaintiffs for any damages, including but not limited to unpaid vacation time described in paragraph 26 of the Complaint or otherwise, liquidated damages, prejudgment interest, attorney's fees and costs, and other relief.

5

302303 1

Further answering the Complaint, the defendants deny each and every allegation in the Complaint not specifically admitted.

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

If it is established that the plaintiffs have been damaged, which the defendants specifically deny, plaintiffs have, or may have, failed to mitigate their damages.

### THIRD DEFENSE

In the event that any plaintiff prevails in this action, the defendants are entitled to set off for any payments received by that plaintiff, including but not limited to amounts received from any and all employment, self-employment and/or unemployment benefits, bonuses, commissions, advances or other payments.

### FOURTH DEFENSE

The Complaint fails to allege facts upon which an award of liquidated damages against the defendants can be based, and the defendants assert that they acted in good faith and had reasonable grounds to believe that their acts were not in violation of either the Fair Labor Standards Act or the D.C. Code. 29 U.S.C. § 260, 29 C.F.R. § 790 *et seq.*, D.C. Code § 32-1004.

### FIFTH DEFENSE

Plaintiffs' claims are or may be barred by the applicable statute of limitations. 29 U.S.C. § 255.

### SIXTH DEFENSE

6

302303.1

The defendants assert that plaintiffs' claims are or may be barred by the Fair Labor Standards Act exemptions for any employee employed in a bona fide executive, administrative or professional capacity. 29 U.S.C. § 213, *et seq.*, 29 C.F.R. § 541, *et seq.*

### SEVENTH DEFENSE

The defendants assert that they in good faith conformed with and relied upon written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor, or any administrative practice or enforcement policy of that agency. 29 U.S.C. § 260.

### EIGHTH DEFENSE

Plaintiffs' claims are or may be barred by application of the statute of frauds.

### NINTH DEFENSE

Plaintiffs' claims are or may by barred by the doctrine of laches.

### TENTH DEFENSE

Plaintiffs' claims are or may by barred by the doctrine of res judicata and/or collateral estoppel.

### ELEVENTH DEFENSE

Plaintiffs have waived and/or are estopped from asserting the claims made in the Complaint on the grounds that they regularly accepted their wages as paid during the entire tenure of their employment with the defendants and at no time demanded any additional payment during the tenure of their employment with the defendants.

### TWELFTH DEFENSE

The defendants reserve the right to assert each and every additional defense, including affirmative defenses, which may become available during the course of discovery.

WHEREFORE, the defendants demand judgment dismissing the Complaint with prejudice and awarding costs and expenses of this litigation, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted,


   /s/ *Angela W. Russell*
Angela W. Russell, Esquire
WILSON ELSER MOSKOWITZ
   EDELMAN AND DICKER LLP
200 St. Paul Place, Suite 2530
Baltimore, Maryland 21202
Telephone: (410) 962 8457
*Counsel for Defendants,*
*United Stor-All Centers, Inc.*
*United Stor-All Management, LLC*

9

302303.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendants' Answer to Plaintiff's Complaint was served via electronic filing this 2nd day of June 2008, to:

Mitchell I. Batt, Esquire
Sullivan, Talbott, & Batt
77 South Washington Street
Suite 304
Rockville, Maryland 20850
*Attorneys for Plaintiff,*
*Patricia McKinney*

/s/ *Angela W. Russell*
Angela W. Russell, Esq.

10

302303.1