IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PATRICIA MCKINNEY, INDIVIDUALLY** **AND ON BEHALF OF OTHERS** **SIMILARLY SITUATED** | : : : | |
| Plaintiff | : : | |
| v. | : : | Civil No.: 1:08-CV-00333 (RMU) |
| **UNITED STOR-ALL CENTERS, INC.,** **ET AL.** | : : | |
| Defendants | : | |

## CONSENT MOTION TO AMEND PLEADING

COMES NOW the Plaintiff, by and through counsel, and pursuant to F.R.C.P. 15(a)(2) and Local Rule 15.1, moves to file the attached Amended Complaint, and for grounds states as follows:

1. In the original Complaint, the Plaintiff identified one of the Defendants as "United Stor-All Centers, Inc."

2. Counsel for the Defendants has represented to counsel for the Plaintiff that the proper name for this entity is "United Stor-All Centers, LLC."

3. The Plaintiff respectfully requests leave to amend the Complaint in order to correct the name of this Defendant.

4. The Defendant requested that this change be made and consents to this Motion.

WHEREFORE, Plaintiff respectfully requests that the Motion to Amend the

Complaint be granted.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By:    */s/ Mitchell I. Batt*
       Mitchell I. Batt, Bar No. 444751
       77 S. Washington Street
       Suite 304
       Rockville, Maryland 20850
       (301) 340-2450
       *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the foregoing Consent Motion was served via electronic filing this 12th day of June, 2008 to:

Angela W. Russell, Esquire
Wilson Elser Moskowitz Edelman and Dicker, LLP
200 St. Paul Place
Suite 2530
Baltimore, MD 21202
*Counsel for Defendants*

By:    */s/ Mitchell I. Batt*
       Mitchell I. Batt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MCKINNEY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** | : |
| | : |
| Plaintiff | : |
| | : |
| v. | Civil No.: 1:08-CV-00333 (RMU) |
| | : |
| **UNITED STOR-ALL CENTERS, INC., ET AL.** | : |
| | : |
| Defendants | : |

## ORDER

Upon consideration of the Consent Motion to Amend the Plaintiff's Complaint, and good cause having been shown, it is on this _____ day of _____, 2008;

ORDERED, that the Plaintiff's Motion to Amend the Complaint be, and the same hereby is, GRANTED; and further

ORDERED, that the Amended Complaint attached to this Motion be deemed filed and served as of the date of this Order.

_____
Judge

Copies to:

Mitchell I. Batt, Esquire
Sullivan, Talbott & Batt
77 S. Washington Street
Suite 304
Rockville, MD 20850

Angela W. Russell, Esquire
Wilson Elser Moskowitz Edelman and Dicker, LLP
200 St. Paul Place
Suite 2530
Baltimore, MD 21202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA HELEN MCKINNEY,** : <br> **INDIVIDUALLY AND ON BEHALF OF** <br> **OTHERS SIMILARLY SITUATED** : <br> 5047 13TH Street, N.E. <br> Washington, D.C.  20017 : <br> : <br> Plaintiff <br> : <br>  v. <br> : <br> **UNITED STOR-ALL CENTERS, LLC** <br> 1787 Sentry Parkway West : <br> Building 16, Suite 400 <br> Blue Bell, PA 19422 : <br> and : <br> **UNITED STOR-ALL MANAGEMENT, LLC** <br> 208 East Ridgeville Blvd. : <br> Suite 202 <br> Mt Airy, MD 21771 : <br> Defendants : | Civil No.: 1:08-CV-00333 (RMU) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Patricia Helen McKinney, Individually and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through counsel, Mitchell I. Batt and Sullivan, Talbott & Batt, and brings this suit against United Stor-All Centers, LLC and United Stor-All Management, LLC (hereinafter "Defendants"), and for grounds states as follows:

**PARTIES AND JURISDICTION**

1. McKinney is a natural person who currently resides in the District of Columbia and, at all times relevant to the allegations of this Complaint, was employed by the Defendants as a Primary Manager/Resident Manager in the District of Columbia.

2. McKinney brings Count I of this suit on behalf of herself and others similarly situated who may opt-in to this Civil Action pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act for violations of unpaid overtime compensation. McKinney also brings Count II and Count III of this suit on behalf of herself for violations of D.C. Code 32-1001 *et seq*. and D.C. Code 32-1301 *et seq*.

3. The Defendant United Stor-All Centers, LLC is a corporation with its principal place of business in Pennsylvania. The Defendant, United Stor-All Management, LLC is a Defendant with its principal place of business in Mt. Airy, Maryland.

4. Pursuant to the preceding, this Court has proper personal jurisdiction over the Defendants, proper subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. 1331, and 28 U.S.C. 1367. In addition, this Court constitutes proper venue pursuant to 28 U.S.C. § 1391.

**COUNT I**
**Collective Action Allegations**

5. Plaintiff repeats and realleges each and every allegation made in paragraphs one through four as if fully set forth herein.

6. Plaintiff McKinney was employed as a Primary Manager/Resident Manager with the Defendants in the District of Columbia.

7. Based upon information and belief, the Defendants maintain approximately 12 storage facilities in Maryland, the District of Columbia, and Northern Virginia.

8. Based upon information and belief, the Defendants employ Storage Facility Managers at each of these locations who perform identical functions to those performed by the Plaintiff McKinney.

9. Plaintiff McKinney is bringing this suit on behalf of herself and other similarly situated employees, i.e., Primary Managers/Resident Managers employed by the Defendants at any of their locations in Maryland, the District of Columbia, and Northern Virginia who have been employed at any time since February 22, 2005 (hereinafter "similarly situated employees").

## GENERAL ALLEGATIONS

10. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through nine as if fully set forth herein.

11. Throughout her tenure of employment with the Defendants, the Plaintiff McKinney worked regularly in excess of forty (40) hours per week.

12. Based upon information and belief, the similarly situated employees worked, on a regular basis, in excess of forty (40) hours per week.

13. The Defendants were fully aware at all times that the Plaintiff and similarly situated employees were working in excess of forty (40) hours per week.

14. The Plaintiff and similarly situated employees were not paid overtime for any work in excess of forty (40) hours per week.

## COUNT I
### Violations of the Fair Labor Standards Act - Overtime Provisions

15. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through fourteen as if fully set forth herein.

16. The Defendants violated 29 U.S.C. § 207 by failing to pay the Plaintiffs overtime.

17. The Plaintiffs qualify as "Employees" pursuant to 29 U.S.C. § 203(e)(1).

18. Each of the Defendants qualify as an "Employer" pursuant to 29 U.S.C. § 203(d) and as an "enterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. § 203(s).

19. The Defendants' failure to pay overtime to the Plaintiffs was done deliberately, wilfully, and in direct violation of the statutory requirements.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for unpaid overtime for the period of February 22, 2005 forward, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

## COUNT II
### Violations of D.C. Code 32-1001 *et seq*. - Unpaid Overtime

20. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through nineteen as if fully set forth herein.

21. Defendants' failure to pay McKinney for overtime work constitutes a violation of D.C. Code 32-1001 *et seq.*

22. McKinney qualifies as an "Employee" pursuant to D.C. Code §32-1002(2).

23. Each of the Defendants qualify as an "Employer" pursuant to D.C. Code §32-1002(3).

24. McKinney was employed in the District of Columbia pursuant to D.C. Code §32-1003(b).

WHEREFORE, McKinney demands judgment against the Defendants for unpaid overtime for the period of February 22, 2005 forward, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

### COUNT III
### Violations of D.C. Code 32-1301 *et seq*. - Unpaid Earned Vacation

25. The Plaintiff asserts and realleges each and every allegation made in paragraphs one through twenty-four as if fully set forth herein.

26. At the time McKinney was terminated from employment, she had accrued vacation pay which was not paid.

27. The vacation pay accrued by McKinney constitutes a "Wage" pursuant to D.C.

Code 32-1301(3).

28. The Defendants' failure to pay the accrued vacation constitutes a violation of D.C. Code 32-1303.

29. Each of the Defendants qualify as an "Employer" pursuant to D.C. Code 32-1301(1).

30. McKinney qualifies as an "Employee" pursuant to D.C. Code §32-1301(2).

31. The Defendants' failure to pay the wages was done wilfully, deliberately, and in direct disregard of McKinney's statutory rights.

WHEREFORE, McKinney demands judgment against each of the Defendants for unpaid accrued vacation, liquidated damages in an amount equal to the unpaid accrued vacation, prejudgment interest, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

>Respectfully submitted,
>
>SULLIVAN, TALBOTT & BATT
>
>By:  /s/ Mitchell I. Batt
>Mitchell I. Batt, Bar No. 444751
>Attorney for Plaintiffs
>77 S. Washington Street
>Suite 304
>Rockville, Maryland 20850
>(301) 340-2450

## JURY DEMAND

The Plaintiffs, through counsel, hereby requests a trial by jury as to all issues herein.

>By:  /s/ Mitchell I. Batt
>Mitchell I. Batt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing Amended Complaint was served via electronic filing this 12th day of June, 2008 to:

Angela W. Russell, Esquire
Wilson Elser Moskowitz Edelman and Dicker, LLP
200 St. Paul Place
Suite 2530
Baltimore, MD 21202
*Counsel for Defendants*

>By:  /s/ Mitchell I. Batt
>Mitchell I. Batt