IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MCKINNEY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** : | |
| : | |
| Plaintiff : | |
| : | |
| v. | Civil No.: 1:08-CV-00333 (RMU) |
| : | |
| **UNITED STOR-ALL CENTERS, LLC., ET AL.** : | |
| : | |
| Defendants : | |

### PLAINTIFF'S MOTION TO FACILITATE IDENTIFICATION AND NOTIFICATION OF SIMILARLY SITUATED EMPLOYEES

COMES NOW the Plaintiff, by and through counsel, and pursuant to 29 USC § 216(b), Local Rule 7, and this Court's Standing Order for Civil Cases, moves this Court to facilitate the identification and notification of similarly situated employees. In support of this Motion, Plaintiff respectfully refers this Court to the attached Memorandum of Points and Authorities.

Pursuant to Local Rule 7(m), counsel for Plaintiff conferred with counsel for Defendants concerning this Motion on August 26, 2008 and September 4, 2008. Counsel for Plaintiff was advised that the Defendants would not consent to this Motion.

WHEREFORE, Plaintiff respectfully requests that the Motion be granted.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By:   /s/ *Mitchell I. Batt*
      Mitchell I. Batt, Bar No. 444751
      77 S. Washington Street
      Suite 304
      Rockville, Maryland 20850
      (301) 340-2450
      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing Motion was served via electronic filing this 4th day of September, 2008 to:

Eric S. Mueller, Esquire
Angela W. Russell, Esquire
Wilson Elser Moskowitz Edelman and Dicker, LLP
200 St. Paul Place
Suite 2530
Baltimore, MD 21202
*Counsel for Defendants*

By:   /s/ *Mitchell I. Batt*
      Mitchell I. Batt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MCKINNEY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** | : |
| | : |
| Plaintiff | : |
| v. | : Civil No.: 1:08-CV-00333 (RMU) |
| | : |
| **UNITED STOR-ALL CENTERS, LLC. ET AL.** | : |
| Defendants | : |

**STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO
FACILITATE IDENTIFICATION AND NOTIFICATION
OF SIMILARLY SITUATED EMPLOYEES**

A.  **BACKGROUND.**

Patricia McKinney has brought suit in Count I of the Complaint for unpaid overtime in violation of 29 U.S.C. § 207. Pursuant to 29 U.S.C. § 216(b), Ms. McKinney has brought suit on behalf of herself as well as others similarly situated. McKinney has defined "similarly situated employees" in the present case as those Primary Managers employed by the Defendants at any of their locations in Maryland, the District of Columbia, and Northern Virginia at any time since February 22, 2005. (Paragraph 9 of Complaint).

B.  **THE PLAINTIFF AND PROPOSED CLASS MEMBERS ARE SIMILARLY. SITUATED.**

Under 29 U.S.C. § 216(b) of the FLSA, "[a]n action . . . may be maintained against any

employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." For over 60 years, federal courts have been examining the extent to which one or more named plaintiffs must be "similarly situated" to the proposed class of unnamed plaintiffs in order for all of the plaintiffs to proceed before the court together as a collective action. In *Shain v. Armour & Co.,* 40 F. Supp. 488 (W.D. Ky. 1941), which involved a claim for unpaid overtime wages, the Court thoroughly analyzed the "similarly situated" standard, and concluded as follows:

> "The [FLSA] authorizes an employee to sue for himself and other employees similarly situated. It is very comprehensive and inclusive; it contains no restrictions other than that the other employees be similarly situated. . . . Employees may be similarly situated without being identically situated. The evident purpose of the Act is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact they are separate and independent of each other." *Id* at 490.

Significantly, the strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA collective actions; rather, the basis to certify a collective action rest solely on the "similarly situated" requirement articulated in § 216(b). *Hunter v. Sprint Corp.,* 346 F. Supp. 2d 113, 117 (D.D.C. 2004) (this unique cause of action under 29 U.S.C. 216(b), known as a "collective action," is not subject to the numerosity, commonality, and typicality rules of a class action under Rule 23.). Furthermore, unlike in a Rule 23 class action which requires potential class members who do not wish to participate in the case to opt-out of the certified class, a class under Section 216(b) is an "opt-in" class and, accordingly, only recognizes those class members who, in writing, indicate their desire to participate as plaintiffs. *Id.* at 117.

In making the "similarly situated" determination, most courts employ a two-step procedure.

*Castillo v. P&R Enterprises, Inc.,* 517 F. Supp. 2d 440, 445 (D.D.C. 2007). This procedure was recently summarized in the *Gjurovich v. Emmanuel's Market Place, Inc.,* 282 F. Supp. 2d 91, 96 (S.D. N.Y. 2003):

> "Once the plaintiff makes a colorable claim for relief, the only inquire necessary is whether the potential plaintiffs to be notified are similarly situated to the plaintiff. The court need not evaluate the merits of [a plaintiff's] claims in order to determine that a definable group of 'similarly situated' plaintiffs exist. The court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.' Certainly the plaintiff must still prove at trial that the positions at issue actually qualify as non-exempt under the FLSA. But that is not the inquiry to be answered in deciding this motion. The ultimate determination regarding the merits of the case, and whether the class is properly situated - which requires a more "stringent" inquiry - is made later in the litigation process, after more thorough discovery. Here I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified 'are, in fact, similarly situated' to the plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. Again, the plaintiff's burden for proving that he is similarly situated to those potential plaintiffs is minimal for this preliminary determination – a determination that can be modified or reversed after discovery is complete. Should it become clear that the parties who have opted in are not similarly situated to the plaintiff here, I will make any rulings that are necessary and appropriate to ensure that the case is properly formed."

Accordingly, under the current circumstances of the present case, where the plaintiff herein is merely seeking the identification and notification of prospective class members at an early stage in the litigation, the plaintiff need only make a modest factual showing sufficient to demonstrate that she and potential plaintiffs together were victims of a common policy or plan that violated the law. *Hunter,* 346 F. Supp. 2d at 117; *Chase v. Aimco Properties, LP,* 374 F. Supp. 2d 196, 200 (D.D.C. 2005). The reason for such a lenient burden is that a strict standard of proof on the plaintiff at this stage would unreasonably hinder the development of collective actions and would undermine the broad remedial goals of the FLSA. *Garner v. Searle Pharm. & Co.,* 802 F. Supp. 418, 422 (M.D. Ala. 1991).

Accordingly, at this initial notice stage, the Court usually relies only on the pleadings and any affidavits that may have been submitted. *Chase*, 374 F. Supp. 2d at 200; *Mooney v. Aramco Servs., Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). Finally, it is important to note that prompt notification of the potential class members is critical in that, unlike a Rule 23 class action, the statute of limitations is not tolled for those potential class members by the filing of the present Complaint. *See* 29 C.F.R. § 790.21(b) (in class actions, unnamed plaintiffs are not deemed to have commenced the action until such time as his/her written consent to become a party plaintiff is filed in the court).

In the present case, Patricia McKinney was employed by the Defendants as a Primary Manager for one of the Defendant's storage facilities located in the District of Columbia.[1] Since February 22, 2005, the Defendants have managed at least 16 storage facilities in Maryland, the District of Columbia, and Northern Virginia. The Defendants employ a Primary Manager at each of these managed facilities. The duties and responsibilities of the Primary Manager are the same at each of the facilities managed by the Defendants. Each of the Primary Managers at the facilities managed by the Defendants is paid on a salary and is not paid overtime for time worked in excess of 40 hours per week. The Plaintiff and prospective class members will argue that they were misclassified as exempt employees and, thus, entitled to overtime. Undoubtedly, the Defendants will primarily argue that McKinney and the other Primary Managers are exempt from overtime under either the executive or administrative exemptions. The determination of whether either of these exemptions apply will be virtually identical with respect to each of these potential class members. Accordingly, McKinney and

---

[1] Support for these outlined facts are contained in the Affidavit of Patricia McKinney attached to this Motion.

these other Primary Managers within the defined geographical area are similarly situated.

**C.     THE DISTRICT COURT IS AUTHORIZED TO FACILITATE THE NOTIFICATION OF SIMILARLY SITUATED EMPLOYEES.**

In *Hoffmann-LaRoche v. Sperling,* 493 U.S. 165, 169 (1989), the United States Supreme Court resolved a split among the circuits with respect to the role the court should take in supervising the § 216(b) "opt-in" process and held that the district courts have discretion to implement § 216(b) by facilitating notice to potential plaintiffs. In *Hoffmann-LaRoche*, the Supreme Court made the following additional important pronouncements: (1) once an action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way; (2) it lies within the discretion of the trial court to begin its involvement early at the point of initial notice; (3) by monitoring the preparation and distribution of the notice, the court can ensure that it is timely, accurate, and informative; and (4) the district court has discretion, early in the litigation, to permit discovery of the names and addresses of employees to ensure that such potential plaintiffs are promptly and accurately notified. *Id* at 170-172. *See also Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991) (the remedial purposes are best served if the district court is deemed to have the power to give such notice to other protected members of the class provided the court is satisfied that there are other employees who desire to opt-in and who are similarly situated.).

Indeed, it is unlikely that Congress, having created a procedure for representative actions under the FLSA, would have wanted to prevent the class representatives from notifying other members of the class that they had a champion. *Cook v. United States,* 109 F.R.D. 81, 83 (E.D. N.Y. 1985).

Accordingly, such notice may be, and repeatedly has been, authorized and facilitated by district courts across the country in cases like the present one involving claims under the FLSA for the recovery of unpaid overtime wages. *See, e.g., Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361-364 (M.D. Ala. 1999); *Realite v. Arch Restaurants Corp.,* 7 F. Supp. 2d 303, 305-06 (S.D. N.Y. 1998); *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251-253 (M.D. Tenn. 1996). The rationale for this Court-facilitated notification procedure was best explained by the United States Supreme Court in *Hoffmann-LaRoche*:

> "A collective action allows [FLSA] plaintiffs the advantage of lower individual costs to vindicate rights by the pulling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [wrongful] activity. These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collection action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties. . . . *Id* at 170.

Pursuant to the preceding, this Court is authorized to facilitate the notification of similarly situated employees by (1) requiring the Defendants to provide McKinney with a list of such similarly situated employees and (2) approving a notice to be sent to such potential class members. *See Castello,* 517 F. Supp. 2d at 448-449 (the court ordered the defendant to produce the names and addresses of potential class members and referred the parties to a Magistrate Judge to work out any disputes concerning the content of the proposed notice which was to be sent to the potential class members).

**D.    CONCLUSION.**

It is abundantly clear that the named plaintiff in a lawsuit to recover unpaid overtime wages

pursuant to §216(b) of the FLSA is permitted, with court approval, to provide notice of the suit to those potential plaintiffs who are similarly situated. As succinctly stated by the United States District Court for the District of Columbia in *McNeil v. District of Columbia,* 1999 W.L. 571004 (D.D.C. August 5, 1999), "[e]xercising this Court's discretion to assist all persons who may have a legitimate claim [for unpaid overtime] to assert is the only course of action consistent with the broad remedial goal of [the] FLSA; reducing the defendant's potential liability by making plaintiff's notification of other claimants as difficult as possible is not. *Id* at 3.

WHEREFORE, Plaintiff McKinney hereby respectfully requests that this Court:

1. Enter an Order compelling Defendants to produce to Plaintiff's counsel, within fifteen (15) days, a list of the full name and last known residential address of each and every individual who was employed by the Defendants as a Primary Manager at any time since February 22, 2005 in Maryland, the District of Columbia, or Northern Virginia;

2. Approve and sign the attached "Important Notice" to be used in notifying the class of potential Plaintiffs; and

3. For such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By:    /s/ Mitchell I. Batt
Mitchell I. Batt, Bar No. 444751
77 S. Washington Street
Suite 304

              Rockville, Maryland 20850
              (301) 340-2450
              *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY, that a copy of the foregoing Statement of Points and Authorities were served via electronic filing this 4th day of September, 2008 to:

Eric S. Mueller, Esquire
Angela W. Russell, Esquire
Wilson Elser Moskowitz Edelman and Dicker, LLP
200 St. Paul Place
Suite 2530
Baltimore, MD 21202
*Counsel for Defendants*

          By:  */s/ Mitchell I. Batt*
              Mitchell I. Batt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MCKINNEY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** : : : : Plaintiff : : v : Civil No.: 1:08-CV-00333 (RMU) : **UNITED STOR-ALL CENTERS, LLC., ET AL.** : : Defendants : | |

### ORDER

Upon consideration of the Plaintiff's Motion to Facilitate Identification and Notification of Similarly Situated Employees, and any opposition filed thereto, it is on this _____ day of _____, 2008;

ORDERED, that the Plaintiff's Motion be, and the same hereby is, GRANTED; and further

ORDERED, that the Defendants shall produce to Plaintiff's counsel, within fifteen (15) days, a list containing the full name and last known residential address of each and every individual who was employed by the Defendants as a Primary Manager at any time since February 22, 2005 in either Maryland, the District of Columbia, or Northern Virginia; and further

ORDERED, that the attached "Important Notice" is approved for distribution to the similarly situated employees.

_____
Judge Richardo M. Urbina,
United States District Judge

Copies to:

Mitchell I. Batt, Esquire
Sullivan, Talbott & Batt
77 S. Washington Street
Suite 304
Rockville, MD 20850

Eric S. Mueller, Esquire
Angela W. Russell, Esquire
Wilson Elser Moskowitz Edelman and Dicker, LLP
200 St. Paul Place
Suite 2530
Baltimore, MD 21202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MCKINNEY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** : : : | |
| Plaintiff : | |
| v. : | Civil No.: 1:08-CV-00333 (RMU) |
| **UNITED STOR-ALL CENTERS, LLC., ET AL.** : : | |
| Defendants : | |

## IMPORTANT NOTICE

This letter contains important information concerning your rights under the Fair Labor Standards Act as a result of your current or former employment with United Stor-All Centers, LLC. and/or United Stor-All Management, LLC. (hereafter "Defendants").

Former employee, Patricia McKinney, has filed a lawsuit on her own behalf, and on behalf of similarly situated employees, in the United States District Court for the District of Columbia against United Stor-All Centers, LLC. and United Stor-All Management, LLC.    The name and case number of this lawsuit is identified above in the case caption.

Plaintiff McKinney claims that the Defendants have failed to pay herself and other individuals employed as Primary Managers overtime wages.  Specifically, she claims that the Defendants failed to pay her one and one-half times the appropriate wage for hours worked in excess of forty (40) in a week.  Plaintiff McKinney claims that this is in violation of the Fair Labor Standards Act, a federal law

requiring employers to pay overtime wages.

The Fair Labor Standards Act allows Patricia McKinney to bring suit on behalf of a class of employees affected by the Defendants' overtime practices. However, you are not automatically included in this lawsuit. If you were (or currently are) employed by the Defendants within the last three (3) years, you may possibly make a claim to recover overtime wages. If you wish to be included as a class member in this case, you must contact Plaintiff's counsel. If you do not request inclusion in this lawsuit, you will not be included as a class member and your claim for overtime wages will not be advanced in this lawsuit. If you would like more information or assistance, you must contact Plaintiff's counsel before _____: Mitchell I. Batt, Esquire, Sullivan, Talbott & Batt, 77 S. Washington Street, Suite 304, Rockville, Maryland 20850, 301-340-2450 ext 13.

If you join the lawsuit, you will be bound by any judgment of the Court on all issues decided in this case whether it is favorable or unfavorable to you. In addition, you will participate in a distribution of any damages recovered in this lawsuit.

If you do not wish to join the lawsuit, you will not be bound by the outcome of the lawsuit. You will retain the right to file your own lawsuit, although the statute of limitations will continue to run on your claim. If you do not join this lawsuit, you will not be entitled to recover any damages from this case if Plaintiff wins.

The pleadings and all of the records of this litigation may be examined and copied at any time during regular office hours in the office of the Clerk of the Court, United States District Court for the District of Columbia. The address of the Courthouse is: 333 Constitution Avenue, N.W., Washington,

D.C. 20001.

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES TO PLAINTIFF'S COUNSEL. THE COURT AND THE CLERK ARE NOT PERMITTED TO ANSWER LEGAL QUESTIONS.

This Notice and its contents have been authorized by the United States District Court for the District of Columbia. This Court takes no position regarding the merits of Plaintiff's claims or of Defendants' defenses. The sole purpose of this Notice is to inform you of the lawsuit so that you can make an informed decision as to whether you want to participate in the lawsuit.

Date:_____        _____
                                          Judge Richardo M. Urbina
                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA MCKINNEY, INDIVIDUALLY :
AND ON BEHALF OF OTHERS
SIMILARLY SITUATED            :

                              :
    Plaintiff
                              :
  v.                              Civil No.: 1:08-CV-00333 (RMU)
                              :
UNITED STOR-ALL CENTERS, INC.,
ET AL.                        :

    Defendants                :

### AFFIDAVIT OF PATRICIA MCKINNEY

I, Patricia McKinney, do hereby depose and state as follows:

1. I am over the age of eighteen (18) years and fully competent to testify to the matters stated herein.

2. I was employed by the Defendants as a Primary Manager for a storage facility located in the District of Columbia.

3. Since February 22, 2005, the Defendants have managed at least 16 storage facilities in Maryland, the District of Columbia, and Northern Virginia which include: Silver Spring, Maryland (605), Kensington, Maryland (606), Lorton, Virginia (620), Springfield, Virginia (630), Warrenton, Virginia (645), Washington, D.C. - Uptown Self Storage (660), Frederick, Maryland (680), Herndon, Virginia (705), Fairfax Station, Virginia (740), Washington, D.C. - R Street Self Storage (715), Culpepper, Virginia

(725), Manassas, Virginia (770), Falls Church, Virginia (780), Baltimore, Maryland (790), Fairfax, Virginia (855), and Vienna, Virginia (860). AND OTHERS NOT LISTED IN VA.

4. The Defendants employ a Primary Manager at each of the managed facilities.

5. The duties and responsibilities of the Primary Manager are the same at each of the facilities managed by the Defendants.

6. Each of the Primary Managers at the facilities managed by the Defendants are paid on a salary and are not paid overtime for time worked in excess of 40 hours per week.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

*Patricia McKinney*
Patricia McKinney