**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| PATRICIA HELEN MCKINNEY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0333  (RMU) |
| | : | | |
| v. | : | Document No.: | 14 |
| | : | | |
| UNITED STOR-ALL CENTERS, INC. | : | | |
| | : | | |
| and | : | | |
| | : | | |
| UNITED STOR-ALL MANAGEMENT, | : | | |
| LLC, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFF'S MOTION TO FACILITATE IDENTIFICATION AND NOTIFICATION

**I.  INTRODUCTION**

This case comes before the court on the plaintiff's motion requesting that the court assist

in the identification and notification of similarly situated employees, who may choose to opt in to

the litigation.  The plaintiff, Patricia McKinney, brings this action against the defendants, United

Stor-all Centers and United Stor-all Management, for allegedly withholding overtime and

vacation pay under D.C. Code §§ 32-1301 *et seq.* and §§ 32-1001 *et seq.* and under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*  Under the FLSA, the court may

authorize the notification of potential class members as long as the plaintiff provides modest

support for her claims.  The defendants contend that the non-descript language used in the

plaintiff's motion and the supporting declarations are insufficient for the court to authorize

notification in this case.  After reviewing the plaintiff's submissions, the court concludes that the

plaintiff has provided enough support to grant a conditional class certification at this early stage
of the proceedings.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff was employed as a Primary Manager at the defendants' District of Columbia
("D.C.") storage facility beginning in March 2003 and continuing until January 2008.  Compl. ¶
6; Defs.' Opp'n at 2.  The plaintiff alleges that the defendants failed to compensate her for
overtime[1] worked while managing the D.C. facility.  *Id.* ¶ 14.  She also contends that the
defendants failed to pay her accrued vacation pay.  *Id.* ¶ 28.

On February 25, 2008, the plaintiff instituted the current suit alleging violations of the
FLSA and the D.C. Code.  She also brought the action on behalf of "similarly situated"
employees, which she defined as other Primary Managers employed by the defendants at their
Maryland, District of Columbia and Northern Virginia locations since February 22, 2005.  *Id.* ¶
9.  On September 4, 2008, the plaintiff filed a motion requesting that the court facilitate
identification and notification of these purportedly "similarly situated" employees.  The
defendants vigorously oppose the plaintiff's motion, and the court now addresses the parties'
arguments.

## III.  ANALYSIS

### A.  Legal Standard for Collective Actions Under the FLSA

The FLSA allows for actions to challenge the denial of overtime payments to be
"maintained against any employer (including a public agency) in any Federal or State court of

---

[1]     For purposes of this Memorandum Opinion, the court refers to "overtime" or "overtime pay" as
"employment in excess of [forty hours per workweek] at a rate not less than one and one-half
times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).

competent jurisdiction by any one or more employees for and in behalf of himself or themselves

and other employees similarly situated." 29 U.S.C. § 216(b).  The Supreme Court has held that

this provision "grant[s] the court the requisite procedural authority to manage the process of

joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to

statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La*

*Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  But the Court warned that "[i]n exercising the

discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect

judicial neutrality." *Id.* at 174.

Neither the FLSA nor its implementing regulations defines "similarly situated."  Thus,

courts have relied on a two-tier approach to certify a collective action under the FLSA.  At the

first stage, also termed the "notice stage," the court makes a preliminary determination whether

to authorize notifications to potential class members so that they may opt in to the litigation.

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).  The court employs a lenient

standard in making this determination, requiring only that the plaintiff make "a modest factual

showing" that potential class members are "similarly situated." *Hoffman v. Sbarro, Inc.*, 982 F.

Supp. 249, 261 (S.D.N.Y. 1997).  This showing may be made through pleadings and affidavits

that demonstrate that "the putative class members were together the victims of a single decision,

policy or plan" that violated the law. *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling v. Hoffman-*

*La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

The second stage occurs after discovery, allowing the court to revisit its initial

determination based on a fully developed factual record. *Mooney*, 54 F.3d at 1214.  This

reevaluation is usually prompted by a defendant's motion to decertify the class. *Id.*  Based on

the court's determination at this second stage, the action will either proceed as a collective action

or the named plaintiffs in the original complaint will proceed in their individual capacities.

*Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004).

### B. Because the Plaintiff has Made a Modest Factual Showing to Support her Claims, the Court Grants a Conditional Class Certification

The plaintiff's current requests are firmly rooted in the first stage of the certification

analysis. The plaintiff moves for assistance in the identification and notification of potential

class members. *See generally* Pl.'s Mot. The plaintiff recognizes that she needs to make a

modest factual showing before the court will authorize the notification, and she argues that she

has made this showing because all Primary Managers employed by the defendants in D.C. and

the surrounding area are "similarly situated." *Id.* Specifically, the plaintiff declares that the

duties and responsibilities of the Primary Managers are the same at each of the facilities operated

by the defendants. Pl.'s Mot., Ex. 2 ¶ 5. The plaintiff also notes that all Primary Managers in

the plaintiff's purported class report to the same District Manager, Pl.'s Reply, Ex. 1 ¶ 5, and

their responsibilities are governed by the same Operations Manual, *id.*, Ex. 2. In addition, she

avers that all of the Primary Managers were salaried employees and not paid overtime until April

of this year.[2] Pl.'s Mot., Ex. 2 ¶ 6; Pl.'s Reply, Ex. 1 ¶ 10.

The defendants retort that the plaintiff's statements are insufficient for the court to

authorize notifications under the FLSA. Defs.' Opp'n at 5. First, the defendants point out that

the Primary Managers are scattered amongst numerous facilities across multiple states. *Id.* at 7.

Second, the defendants summarily conclude that the fact that the putative class members may

have the same job responsibilities and were not paid overtime does not mean that they have

similar claims or seek the same form of relief. *Id.* at 7. Third, the defendants assert that the

court should deny the plaintiff's request because she has "not presented any affirmative facts as

---

[2]     A potential plaintiff, Darryl Robinson, who was a Primary Manager in Baltimore, Md., confirmed the plaintiff's assertions. Pl.'s Reply, Ex. 1 ¶¶ 7, 9.

4

to whether the employees are 'similarly situated,'" including job responsibilities, working

conditions, degree of discretion allowed as a Primary Manager and the number of hours worked.

*Id.* at 9.  Finally, the defendants argue that the ultimate resolution of the plaintiff's claims

requires the court to make a "highly individualized and fact-intensive analysis."  *Id.* at 8.

Addressing these arguments in turn, the court notes, as an initial matter, that potential

class members do not need to be identical in every respect.  *Hipp v. Liberty Nat'l Life Ins. Co.*,

252 F.3d 1208, 1217 (11th Cir. 2001) (stating that the "[p]laintiffs need show only that their

positions are similar, not identical, to the positions held by the putative class members" (quoting

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996))).  Thus, the defendants' assertion

that the plaintiff is unable to meet her burden because the potential class members work in

different geographical locations is unpersuasive.  *Id.* at 1219 (noting the different geographical

locations of potential class member and concluding that "[t]his factor is not conclusive");

*Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103 (D. Conn. 2007) (granting a conditional class

certification on behalf of assistant store managers in any of sixty stores operated in twenty-three

states).

Second, the defendants' assertion that the putative class members' legal claims may be

different is unavailing.  Rather than describe how the claims may differ, the defendants merely

conclude that the plaintiff's proffer is insufficient.  Defs.' Opp'n at 7.  The court disagrees.  The

plaintiff has explained that all Primary Managers are similarly situated because they are entitled

to overtime pay under the FLSA.  Compl. ¶ 16.  This assertion is bolstered by the plaintiff's

undisputed declaration that Primary Managers were not eligible for overtime pay as salaried

employees, Pl.'s Mot. at 4 & Ex. 2 ¶ 6, and by the willingness of one other Primary Manager,

Darryl Robinson, to join the plaintiff's complaint, Pl.'s Mot. to Amend the Compl., Ex. 3; *cf.*

*Hunter*, 346 F. Supp. 2d at 119 (holding that potential class members' legal claims differed because some may have been misclassified under the FLSA (liability) while others were only challenging the amount of back pay owed (damages)).

Third, the defendants' contention that the plaintiff has not provided sufficient factual allegations is unsupported by the record. The plaintiff, along with another Primary Manager, has submitted a declaration reflecting the belief that all Primary Managers have essentially the same duties and responsibilities. Pl.'s Mot., Ex. 2; Pl.'s Reply, Ex. 1. Furthermore, the plaintiff presents an uncontroverted declaration stating that all Primary Managers in the D.C. area report to the same District Manager and must adhere to detailed policies set forth in an Operations Manual. Pl.'s Reply, Exs. 1, 2. The defendants have not offered affidavits of their own that contradict these factual assertions. Accordingly, on this record, the court concludes that the plaintiff has made a modest factual showing that the potential class members are "similarly situated." *Castillo v. P & R Enters. Inc.*, 517 F. Supp. 2d 440, 446 (D.D.C. 2007) (granting a conditional class certification because the class members had similar job responsibilities, were all classified as non-exempt employees and worked more than forty hours per week without overtime pay).

Lastly, the defendants' argument that determining whether the potential plaintiffs are similarly situated requires a highly individualized and fact-intensive analysis is more appropriately addressed at the second stage of the certification process. *See Hipp*, 252 F.3d at 1219 (rejecting the defendant's argument that each of the plaintiffs' positions was unique and required individual analysis because all the plaintiffs "all held the same job title, and they all alleged similar, though not identical, discriminatory treatment"). Again, the plaintiff's burden is light at this early stage of the proceedings. *Hoffman*, 982 F. Supp. at 261 (explaining that "[t]he

burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary

determination that potential plaintiffs are 'similarly situated'"). Based on the pleadings and

affidavits, the court concludes that the plaintiff has met her initial burden and that the collective

action promotes the "efficient resolution of common issues of law and fact arising from the same

alleged discriminatory activity." *Hoffman-La Roche, Inc.*, 493 U.S. at 170.


## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to facilitate

identification and notification of potential class members.  An Order consistent with this

Memorandum Opinion is separately and contemporaneously issued this 10th day of November

2008.


                                        RICARDO M. URBINA
                                        United States District Judge